L. A. JARRETT *v.* ELIZABETH GOODALL, *Superintendent, etc., et al.*

Submitted March 1, 1933.  Decided March 21, 1933.

*Poffenbarger & Poffenbarger,* for relator.
*D. Jackson Savage,* for respondents.

MAXWELL, PRESIDENT:

The relator, a practicing physician, rendered professional services through a period of many months to a pupil who was severely burned at a public school in Union District, Kanawha County.  Immediately after the accident, the superintendent of the school called relator to attend the child. At the request of the board of education, relator continued his ministrations.  Later, to compensate him for his services, and in accordance with a statement rendered by him, the board issued to relator an order on the sheriff, *ex officio* treasurer, of the county of Kanawha, for the sum of $380.00.  There is

no question as to the quality of services rendered by the relator or of the reasonableness of his charge, but the respondent, Elizabeth Goodall, superintendent of schools of Kanawha County, acting under the belief that the law does not authorize nor permit expenditure of school funds for such purpose, refused to countersign the order. Without such countersignature, the sheriff cannot pay the order. Code 1931, 18-4-5. The relator seeks to compel the superintendent to countersign the order.

It is settled law that a board of education cannot exercise any power that is not expressly conferred by statute or that does not fairly arise by necessary implication. *Shinn* v. *Board of Education*, 39 W. Va. 497, 20 S. E. 604; *Honaker* v. *Board of Education*, 42 W. Va. 170, 24 S. E. 544. *Herald* v. *Board of Education*, 65 W. Va. 765, 65 S. E. 102.

It is not contended that any provision of the statute expressly authorizes an expenditure such as is involved herein, but it is urged that such authority arises from necessary implication.

We are unable to approve the relator's contention that there is implied authority in a board of education to incur a liability such as is involved herein. Boards of education derive their authority from article 5 of chapter 18 of the Code of 1931. By that article, the boards are given control over school buildings and equipment, sec. 9; control and management of the schools and school interests of the district, sec. 13; authority to provide medical and dental inspection for pupils, and to employ school nurses and to take other necessary action to protect pupils from infectious diseases, sec. 22; authority to establish and maintain dental clinics or courses for teaching mouth hygiene, sec. 23; and to "exercise such other authority and perform such other duties as may be prescribed by law or by the regulations of the state board of education," sec. 34.

The provisions of said article with reference to the hygienic welfare of pupils are general in their nature. Their evident purpose is to promote the general good in order that the schools may function advantageously and that important principles of hygiene may be inculcated in the youth. But this is a very different matter from providing medical or surgical services for a period of months for a sick or injured pupil.

480

*Ex necessitate rei,* boards of education must be deemed to have implied authority to assume responsibility for first aid medical or surgical services rendered to a pupil who is injured or becomes ill while engaged in school activities. Otherwise, there might be serious delay in a pupil's receiving the attention which he should have. But we are unable to justify any further extension of such implied authority.

There being no express or implied authority in the board of education to issue the order involved herein, we are of opinion that the county superintendent properly refused to countersign the same. Therefore, we decline to award a writ of mandamus.

