C. A. NEAL *v.* THE BOARD OF EDUCATION OF THE COUNTY OF PUTNAM, *A Public Corporation, et al.*

(No. 8279)

Submitted September 11, 1935. Decided September 17, 1935.

*Barnhart & Trotter,* for relator.
*C. E. Copen,* for respondents.

HATCHER, JUDGE:

This action involves the right of the respondent, Board of Education (hereinafter usually called the Board), to change the assignment of relator, Neal, a school teacher, from one school to another. Neal protests the change, in this proceeding.

The material facts are not in controversy. On May 6, 1935, the Board met at the courthouse of Putnam County in compliance with Acts, First Extraordinary Session 1933, 8-V-4, which provides: "The board shall meet at the courthouse of the county on the first Monday in May in each year and shall appoint the teachers for their district." At that meeting relator Neal was appointed principal of Winfield graded school in Scott District. On that same day a school contract, in the form prescribed by the State Superintendent of Schools, was signed by Neal and by the president and secretary of the Board, which recited Neal's appointment by the Board as principal in the public schools of Putnam County for a term of nine months, beginning September 2, 1935, and which fixed his salary at $149.67 per month. On August 30, 1935, Neal received the following notice from the Board: "This is to certify that C. A. Neal was designated as principal of Valley Belle School at a meeting of the Board of Education held at Winfield, August 20, 1935." Neal resides in Scott District and the Valley Belle School is in another district, seventeen miles further from his home than the Winfield graded school.

Neal testified that he was informed by A. T. Jordan, a member of the Board, that he (Jordan) caused the transfer of Neal from the one school to the other by reason of a personal matter between the two. Neal also testified that he was informed by respondent, D. R. Knapp, Superintendent of Schools of Putnam County, that he (Knapp) did not approve the transfer, but considered it improper.

Carl B. Miller, a member of the Board, testified that he attended its meeting on August 20, 1935, and upon motion of A. T. Jordan, the Board "without any advice or being informed that it would be for the best interest of said schools, or for any other reasons given *for* (by) the superintendent

of schools of said County proceeded to re-assign approximately forty-seven teachers in said Putnam County who had been by said Board assigned to their schools on May 6, 1935, one of said teachers so affected by the order of said Board made on August 20, 1935, being C. A. Neal, who had theretofore been employed as principal of the Winfield Grade School by said Board of Education of Putnam County on the 6th day of May, 1935.'' The testimony of Neal and Miller is undenied.

The answer of respondents takes the position that the Board had no authority on May 6, 1935, to employ Neal to teach any specific school but that such designation should have come later (at some indefinite time before the school term commenced) ; and that in the judgment of both Knapp and the Board the transfer of Neal ''was for the best interest of the schools affected by the transfer'' (no reasons specified). Respondents file with their answer a copy of the minutes of the meeting on August 20, 1935, which after showing the transfer of some forty-seven teachers including Neal, contains this recital: ''The action of the Board in so placing and transferring the teachers aforesaid was made upon the recommendation of the Superintendent of Schools.''

Counsel for respondents contends that authority to make the transfer is given by Acts 1933, *supra,* 8-IV-10(3), which provides: ''The county superintendent shall * * * assign, transfer, suspend, promote or dismiss teachers, subject to the approval of the board.'' Counsel for relator reply that such authority must be exercised in good faith and for the best interests of local education; and that the proof in this instance shows that the transfer was to gratify the mere personal wish of one member of the Board (Jordan), was considered improper by the Superintendent himself, and has no justification under the statute.

There is no statutory inhibition against the allocation of the schools on May 6th. No substantial reason opposes that act. On the contrary, it is apparent that many a teacher would accept appointment to a school convenient to his home, who, because of family obligations or other reasons, would not accept appointment to a remote school. A teacher should be

dealt with considerately. Ordinary fairness requires that he be allocated to a certain school either at the time of his selection or shortly afterwards so that he may intelligently contract or refuse to contract with the Board.

Contracts for teaching schools are entered into subject to the exercise of the power conferred on the county superintendent of schools by Acts 1933, *supra*. That power, however, may be used only for regulation and in emergencies. Even then, it must be exercised in a reasonable manner. The best interests of the schools must be intended. Arbitrary or capricious use of the power will not be tolerated. The presumption of good faith which is ordinarily accorded an official act can not prevail in this case. No change in the school conditions of Putnam County between May 6th and August 20th (the two meetings of the Board) is asserted. The wholesale shifting of teachers on August 20th is alone sufficient to shake the presumption of good faith, and the presumption falls before the uncontroverted evidence of Neal and Miller. With that presumption prone, and the motives of the Board for changing Neal impugned and not defended, we must conclude that the change is without justification.

The writ is accordingly issued.

*Writ issued.*