DELMAR ROBINSON *v.* J. L. HALL

(No. 8103)

Submitted September 10, 1935. Decided September 17, 1935.

*Mason & Mason,* for appellant.
*Clay D. Amos,* for appellee.

HATCHER, JUDGE:

This is a suit for the cancellation of a note of $6,000.00 executed by plaintiff to defendant to be used by him for the benefit of Homer Hall (the brother of defendant and father-in-law of plaintiff) who was in financial distress; or if the note should not be cancelled, to ascertain the amount properly due thereon. The circuit court refused to cancel the note, and adjudged a balance due. Plaintiff appealed.

The defendant approached the plaintiff on September 15, 1930, for the purpose of obtaining financial aid for Homer. Since what occurred at the conference is in dispute, under the finding of the circuit court we must accept defendant's evidence. He says that he presented plaintiff a statement prepared by Homer showing that he owed $15,000.00 to the Union National Bank of Fairmont, $2,000.00 to the Farmers and Merchants Bank of Fairmont, and $4,000.00 on his home; and that plaintiff then delivered to defendant the $6,000.00

note, with good collateral, to be used by him "to raise some money to relieve Homer of his pressing obligations." Defendant borrowed $1,000.00 on September 25, 1930, which he turned over to Homer. Defendant borrowed $4,000.00 on December 2, 1930, of which sum he turned over $2,000.00 to Homer and retained $2,000.00 himself. The reason given for the retention was that he agreed with Homer to assume full responsibility for the $2,000.00 note due the Farmers and Merchants Bank. Defendant was endorser on that note, a fact he did not recall disclosing to plaintiff. Defendant admitted that he had never paid the note, and that Homer had never been relieved by the payee of responsibility for it. This alleged agreement was made in 1930. The note was subsequently renewed with Homer as maker and defendant as endorser, and the liability of the two, as far as the holder of the note was concerned, was unchanged when the testimony herein was taken in 1934. Four payments have been made by plaintiff on the $6,000.00 note, aggregating $1,928.68. This amount was credited by the circuit court on the $5,000.00 borrowed by defendant, and judgment rendered against plaintiff for the balance, which inclusive of interest amounted to $3,980.00.

One of the credits on the $5,000.00 allowed by the circuit court is an item of $230.00. This item is credited on the back of the $6,000.00 note, and is also listed in defendant's answer as a payment on the note, with the following parenthetical recital: "Of this payment plaintiff directed that $200.00 be credited on principal and $30.00 on interest." Defendant testified that he turned over this $230.00 to Homer and now charges cross-error because the same was allowed plaintiff as a credit. By defendant's own allegation (sworn to) the plaintiff directed this payment to be applied to the note—not to be given to Homer. The delivery of the payment to Homer by defendant was voluntary, and the charge of cross-error is not well taken.

By the terms of the agreement when the plaintiff delivered the $6,000.00 note to defendant, he was made the trustee of the note and the avails thereof—not for his benefit—but for the sole benefit of Homer. As such trustee, it was defendant's

duty to have disclosed to plaintiff his suretyship on the $2,000.00 note due the Farmers and Merchants Bank. This he did not do. His failure is not compatible with the high duty of a trustee. In administering a trust the trustee is generally prohibited from manipulating the trust property to his own advantage. 65 C. J., subject Trusts, sec. 520. Moreover, by his own admission he has never paid the note and Homer's obligation on the note to the holder is unchanged. Therefore, the $2,000.00 retained by defendant (out of the $4,000.00 borrowed) was not applied "to relieve Homer of his pressing obligations" as the trust directed, and should not be charged to the plaintiff.

The sum properly chargeable on the $6,000.00 note to plaintiff is only $3,000.00, on which should be credited his four payments on the note. The decree of the circuit court is accordingly reversed and the cause remanded.

*Reversed and remanded.*