FLORENCE POND *v.* E. V. PARSONS, *County Superintendent, et al.*

(No. 8485)

Submitted October 14, 1936.   Decided October 27, 1936.

*N. D. Waugh,* for relator.

*Bland & Joyce,* for respondents.

WOODS, JUDGE:

This is a proceeding in mandamus to require the Board of Education of Logan County to restore relator, Florence Pond, to the principalship of Aracoma Colored Graded School, in the City of Logan, on the charge that, in transferring her to Braeholm as teacher, it had arbitrarily and capriciously breached her contract.

According to the uncontroverted facts, gleaned from the pleadings and exhibits, it appears that the relator, a teacher of five years' experience, has, for the past two years, taught in the Aracoma Colored Graded School, as teacher, to the entire satisfaction of the patrons, county superintendent of schools and the Board of Education; that on May 4, 1936, the "Board of Education * * * party of the first part and Florence Pond of Logan, West Virginia, a teacher holding a _____ teacher's certificate * * * party of the second part," entered into a written contract whereby the latter was duly appointed as teacher in the public schools of said county for the term of nine months "at a salary of minimum dollars ($_____) per month;" that after a meeting of the board on July 15, 1936, the county superintendent of schools released to local newspaper reporters present what purported to be a complete list of placements of teachers throughout Logan County; that Aracoma Colored Graded School was included in said list, relator's name being the first of the two listed thereunder; that the minutes, unknown to the relator, made no mention of Aracoma Colored Graded School, or the two teachers which the news story indicated had been assigned thereto, although they did make assignment of Laura J. Bayes, who, according to

the answer, had been principal of Aracoma, to Landville School; that the board adjourned to August 19, 1936, "at which time they will take up any and all business that they deem necessary;" that nothing was done on the latter date, so far as the record discloses, affecting in any particular, the status of the relator; that on August 20, 1936, relator received a form letter to the effect that she had been assigned as principal of the school aforesaid, subject, however, to change at the discretion of the board, and that school would begin on August 31, 1936; that relator assumed the duties of principal on the last-mentioned date and continued in such capacity until Saturday afternoon, September 12, 1936, at which time she was advised by the superintendent of schools that she had been transferred; that the superintendent handed her a penciled memorandum signed by him as such superintendent, in which it was stated that "the board of education hereby transfers you * * * to the Braeholm Colored Schoool;" that the Braeholm School is twenty-five miles from Logan; that the board, on September 16, 1936, by a minute, ratified the action of the county superintendent in making such "transfer"; that relator was paid at the rate of $125.00 per month for the time she acted as principal, and for the remainder of the month on a basis of $120.00.

Relator's right to invoke mandamus is challenged on the grounds (1) that the contract was incomplete in certain particulars, and therefore invalid; and (2) that the respondent, board of education, had never assigned relator to any position in the Aracoma Colored Graded School.

In support of their first contention, the respondents urge that failure to insert in the spaces provided therefor in the contract form the grade of certificate and the monthly salary in dollars, vitiates the contract. Obviously, the situation here is distinguishable from that presented in *Cleavenger* v. *Board of Education*, 114 W. Va. 39, 170 S. E. 901, in which the purported contract omitted any stipulation for salary or definite terms of employ-

ment, as required by statute and general law in such cases. The incomplete clause concerning the grade or class of certificate is merely an added description of the party of the second part. The execution of the contract, in view of the requirement that a valid certificate constitutes a prerequisite to such employment (Code 1931, 18-7-15), and that such certificate must be filed with said contract at the time of its execution (Code 1931, 18-7-1), raises a presumption that relator, the party of the second part, exhibited the necessary credentials before the board.

With respect to the provision regarding the item of salary, we are of opinion that the use of the word "minimum" is sufficiently descriptive, when considered in the light of the scheduled rate of pay provided in Code 1931, 18-7-2, as amended and re-enacted by chapter 40, Acts 2d Ex. 1933 Session of the Legislature. In determining the rate of pay under the statute, the class of certificate held by the teacher, and her period of service must be taken into consideration.

This court has held that a board, acting through its county superintendent of schools, may not, without consent of the teacher affected, make transfers, except in cases calling for regulation and in emergencies. *Neal* v. *Board of Education*, 116 W. Va. 435, 181 S. E. 541; *White* v. *Board of Education*, 117 W. Va. 114, 184 S. E. 264. The respondents would brush aside the charge of arbitrary and capricious action on their part (1) by reference to the absence of any mention of Aracoma Colored Graded School in the minutes of July 15, 1936; and (2) by the assertion that the letter of August 20, 1936, which bore a rubber stamp signature of the county superintendent, was sent out by a subordinate without authority. The fact remains that the relator got her information from the papers, and the letter aforesaid, the correctness of either of which, so far as the record shows, she had no reason to doubt. Respondents permitted her to assume charge of the school, which, along with all other schools of the county, was supposed to begin on August 31, 1936.

Clearly, no one, other than the relator herein and another teacher, had been assigned to Aracoma Colored Graded School. Laura J. Bayes, the former principal, according to the minutes of the board as well as the newspaper report, had been transferred to another school in Logan county. Someone was undoubtedly expected to assume duties at Aracoma School on the date set for the beginning of the school term. So far as appears, relator, in taking charge, acted in good faith. All the circumstances indicate that the board intended that she act as principal of Aracoma School, although there was no minute to that effect. The notice of September 12th, and the subsequent ratification of the superintendent's action by the board, uses the expression "transfer." And, according to the answer, said transfer resulted from insistence on the part of certain patrons that Laura J. Bayes, former principal, be returned to, and reinstated as principal in, Aracoma School. Resort to the absence of a minute concerning Aracoma School placements as a defense, seems to have been an after-thought. The fact that the minutes of August 19th are not included among respondents' exhibits, indicate that the omission of reference to Aracoma School in the minutes of July 15th, was not caught at that time. Thus, it seems clear that it was intended that the relator be placed as principal at Aracoma, the school at which she had formerly acted as teacher for the two preceding years. In view of the foregoing cases, we are of opinion that the statement in the letter of August 20th, with reference to the right of the board to make changes, could have no application after relator had been permitted to enter upon duties as principal at Aracoma School. The writ, as prayed, will issue.

*Writ issued.*