WALTER M. ELSWICK, Judge,
dissenting.
It never occurred to me, when the cases of J. C. Richards, Claim No. 48, and Benjamin Johnson, Jr., Claim No. 55, were filed against the state before the state court of claims for hearing and determination as claims against the state that we had in mind making awards against county or district boards of education. In those cases no request was made to render judgment against or to direct authority to district boards of education to provide for compensation to pupils injured by negligence of the school authorities. No such action was undertaken for the reason that no remedy has been prescribed by general laws to enable county or district boards to raise funds for such compensation for injuries. See Jarrett v. Goodall, 168 S. E. 763, 113 W. Va. 478 and Krutili v. Board of Education, 129 S. E. 486, 99 W. Va. 466, cited in the majority opinion (when written) in the J. C. Richards case supra. It appears from article XII, section 5 of the constitution that such authority shall be “as shall be prescribed by general laws.”
The claim in question was not filed against a local board of education but against the state. Under the constitution, article 12, section 1, the Legislature is made the agency of the state to provide by general law for a thorough and efficient system of free schools throughout the state. Under section 5, article 12, ample provision is given to the Legislature to provide for the support of free schools by general taxation of persons and property or otherwise in addition to the special funds set aside solely for that purpose.
*372 Weighed in the light of compensation being awarded for personal injuries or damages to property on the state highways through lack of due care on the part of the department, if compensation be denied and no remedy afforded to a pupil injured through negligence of school authorities, under the system provided for, in view of the broad terms of article 12, sections 1 and 5 of the constitution, can it be said that a thorough and efficient system has been provided for by the Legislature? A person travels the highways of his own volition but a pupil is required, by law, to attend school. This is an interest of the state as a whole.
This claim was filed in the same manner as the claims were filed in the Richards and Johnson claims, supra, not against the district board of education but against the state, for an injury sustained while attending a school directed by the constitution to be provided for by the Legislature with power and authority in the Legislature to provide for the support of such schools.
The question before the court is whether the Legislature has the power and duty to make an award for compensation to an injured pupil through negligence of officials of the school system of the state required by the constitution, when the Legislature has not provided for a remedy against the district boards of education in the courts of our state. No award is sought.by claimant against the district board of education. The Legislature is the only agency having the power and authority to make an award. The courts of our state have held that there was no remedy against district boards of education for the reason the boards were performing a governmental function.
The last Legislature made the court of claims a special instrumentality of the Legislature. I have cited authorities in the then majority opinion in the Richards case showing that the Legislature has such power. Whatever the Legislature can do in the way of making just compensation to those injured under a system which the constitution directs to be *373 made thorough and efficient, the court of claims should perform its duty of making recommendations for just and proper action by the Legislature when such claims are presented to it.
The case of Berry v. Fox, 172 S. E. 896, 116 W. Va. 503, was cited by the attorney general as authority to show that there would be a constitutional inhibition against the validity of an appropriation such as that sought by claimant, to be made by the Legislature under section 6, article 10 of the constitution. This case had to deal with the question of whether the state of West Virginia by act of the Legislature may undertake for a biennium to pay the sinking fund and interest of debts created by district school boards. These were debts which had been incurred by district boards of education pursuant to permissive legislation in the construction of valuable improvements for the special benefit of the respective communities themselves. At the time the debts were made the district boards had the right and duty to make levies and raise revenues in their respective communities to pay off such indebtedness. As stated in the opinion by the court in that case: “The schoolhouses, also, whether paid for from the proceeds of bonds or not, remain permanently for the use of the communities which brought them into being.” That decision is sound. The district boards had the authority to contract the indebtedness, and upon them rested the entire burden of acquisition of school properties. Credit had been extended to the local district boards not the state, hence by contract, they were purely local debts.
But in the instant case as well as in the Richards and Johnson cases no risks had been assumed by claimants for the reason they were required to attend school, and no liability in the first instance ever rested upon the district boards such as would enable the boards to raise revenues to pay the claims under the Krutili and Jarrett cases cited herein. I sincerely adhere to the (then majority) opinion expressed on the claim of J. C. Richards No. 48, and to the dissent in the case of Jess. E. Miller No. 138. Fiat justitia mat coelum.