MILDRED COCHRAN

*v.*

BROWN TRUSSLER, COUNTY SUPERINTENDENT OF UPSHUR COUNTY SCHOOLS

(No. 10730)

Submitted September 7, 1955. Decided September 27, 1955.

LOVINS AND GIVEN, JUDGES, concurring.

*Bonn Brown,* for relator.

*Hymes & Coonts, Myron B. Hymes,* for respondent.

BROWNING, JUDGE:

The relator, Mildred Cochran, in this original proceeding in mandamus, seeks a writ directing the respondent, Brown Trussler, County Superintendent of Schools of Upshur County, to assign her to a school in that county, in accordance with her teaching certificate and contract.

The respondent answered, pursuant to a rule, to show cause why such writ should not be granted, and alleged that the "Teacher's Continuing Contract of Employment" between the relator and the Board of Education of Upshur County is invalid; that respondent, as County Superintendent, is the only person who can, under the law, nominate teachers for the schools of the county; that, since the school year 1951-52, he has not nominated or recommended relator for employment; and that such refusal to nominate has not been arbitrary or capricious, but is based upon valid grounds. Upon the issues thus made up, depositions were taken by both parties, and the following facts established.

Relator was employed as a teacher in Upshur County schools for the school years 1949-1950, 1950-1951 and 1951-1952. She was not nominated as a teacher for the

year 1952-1953, although she did some teaching as a substitute during the latter part of that year. At the regular meeting of the Board of Education, for the purpose of employing teachers for the school year 1953-1954, the respondent did not nominate or recommend relator for employment. Respondent recommended a Miss Arnett to fill a vacancy then existing at Goshen school, which recommendation was not confirmed. The President of the Board of Education then, after relinquishing the chairmanship, moved that relator be employed at that school, which motion was carried. These proceedings were recorded in the minutes. The practice in Upshur County at that time was for the financial secretary of the Board to effect the directions of the Board according to the minutes. Accordingly, she prepared the "Teachers Continuing Contract" for relator, affixed the President's signature by rubber stamp, and had relator sign. The contract was never signed by the County Superintendent, as ex officio Secretary of the Board. Pursuant to this contract, relator entered upon her teaching duties. The validity of relator's contract was questioned when it became necessary for respondent, as ex officio Secretary of the Board of Education, to countersign the check for relator's monthly salary. Upon advice of the State Superintendent of Schools that relator was entitled to wages for services rendered, and that respondent, by countersigning relator's paychecks, would not waive his objection to the validity of her contract, nor render himself personally liable for the wages thus paid, respondent signed relator's paychecks for the entire school year. Respondent again refused to nominate relator for employment for the school year 1954-1955. Upon advice of the Board's attorney that relator had a valid contract, a member of the Board, at a meeting on November 24, 1954, moved the Board to employ relator without designating any particular school, which motion carried. The respondent refused to place her at a school without a specific direction by the Board, which the Board refused to give.

The testimony, in regard to the validity or invalidity

of respondent's reasons for not recommending relator, is not here pertinent.

The applicable statutes provide as follows:

Code, 18-4-10, as amended: "The county superintendent shall:

"(1) Act as the chief executive officer of the board, and execute under the direction of the state board all its educational policies;

"(2) Nominate all teachers, principals, and assistant superintendents to be employed; in case the board of education refused to appoint any or all of the persons nominated, the superintendent shall nominate others and submit the same to the board of education at such time as the board may direct, but no teacher, or principal, or assistant superintendent, shall be employed except on the nomination of the county superintendent;

"(3) Assign, transfer, suspend, promote, or dismiss teachers and all other school employees of the district, subject only to the approval of the board;

"* * *.

"(7) Be the secretary of the board and attend all meetings of the board or its committees, except when his tenure, salary or administration is under consideration;

"* * *."

Code, 18-5-4, as amended:

"The board shall meet on the first Monday of July and on the first and third Tuesdays in August and at such other times as the board may fix upon its records. The board shall meet at the court house of the county on the first Monday in May in each year and shall appoint the teachers for their district. At which time, it shall be the duty of the superintendent of schools to furnish

each member of the board an approved list of all qualified teachers for the schools of said district for the ensuing year."

Code, 18-7-1, as amended:

"The board of education shall, upon appointing teachers pursuant to section four [§ 1765], article five of this chapter, fix their salaries as provided by section two [§ 1806] of this article.

"Before entering upon their duties, all teachers shall execute a contract with their boards of education, which contract shall state the salary to be paid and shall be in the form prescribed by the state superintendent of schools. Every such contract shall be signed by the teacher and by the president and secretary of the board of education, and when so signed shall be filed, together with the certificate of the teacher, by the secretary of the office of the board.

"A teacher's contract, under this section, shall be for a term of not less than one nor more than three years, and if, after three years of such employment, the teacher and the board of education enter into a new contract of employment, it shall be a continuing contract and shall remain in full force and effect except as modified by mutual consent of the school board and the teacher, unless and until terminated with written notice, stating cause or causes, to the teacher, by a majority vote of the full membership of the board before April first of the then current year, or by written resignation of the teacher before that date. * * *"

This Court has original jurisdiction in mandamus, and mandamus will lie to compel a public officer to do an act which he has refused to do, even if such action depends upon an exercise of judgment or discretion, if his refusal to act is arbitrary, capricious or based upon misapprehension of the law. Respondent is a public official.

It is clear from this record, and not denied by the respondent, that the relator had completed three years of "probationary" employment in the schools of Upshur County, and if the contract entered into between the relator and the Board of Education of Upshur County on the 4th day of September, 1953, for the school year 1953-1954, was valid, it became a "continuing contract" under the provisions of Code, 18-7-1, as amended, could be terminated only in the manner provided therein, and the writ should issue as prayed for by the relator.

The applicable statutory provisions of Chapter 18, heretofore quoted, are clear and unambiguous. There is no conflict between the aforementioned Code, 18-4-10(2) and Code, 18-7-1, as amended. The former provides that the County Superintendent of Schools shall nominate all teachers, principals and assistant superintendents to be employed, and, although the Board may refuse to appoint any or all of the persons so nominated, "no teacher, or principal, or assistant superintendent, shall be employed except on the nomination of the county superintendent;". The statute plainly contemplates an agreement between the County Superintendent of schools and the Board of Education upon all persons employed in those capacities. The Board may refuse to accept the nominations of the County Superintendent, but it is specifically forbidden to employ any person in these capacities who has not been nominated by the County Superintendent.

The law is well settled in this jurisdiction that a Board of Education cannot exercise any power that is not expressly conferred by statute, or does not fairly arise by implication. *Jarrett* v. *Goodall, et al.*, 113 W. Va. 478, 168 S. E. 763. Reference is also made to several prior decisions cited in the opinion of the *Jarrett* case.

While the case of *Rowan* v. *Board of Education, et al.*, 125 W. Va. 406, 24 S. E. 2d. 583, is not directly in point, the language used in the Court's opinion is persuasive. In that case, a *de facto* superintendent of schools nominated himself as a principal under Subsection (2) of

Code, 18-4-10, and the Court held that such act by the *de facto* officer was void since "in recommending himself for this position, he performed an act which was indispensable to his appointment or assignment, * * *." The Court further said: "If we treat Browning as having been nominated as a principal under sub-section 2, then it is clear that his nomination as such was absolutely necessary to his securing the position because the board could not select him for that position unless he was nominated therefor by the county superintendent.* * *"

This case may be distinguished from *Neal* v. *Board of Education of Putnam County, et al.*, 116 W. Va. 435, 181 S. E. 541; *White* v. *Board of Education, et al.*, 117 W. Va. 114, 184 S. E. 264; and *Rowan* v. *Board of Education, et al., supra.* Those cases did not involve the validity of a teaching contract under the provisions of Subsection (2), but the transfer of teachers under Subsection (3), after such teachers had originally been assigned as provided by law to a definite teaching position, and good cause was not shown for the subsequent transfer during the same school year. In the *Neal* case, the relator and forty-six other teachers of Putnam County were employed and assigned to several schools on May 6, 1935, but on August 20, 1935, prior to the beginning of the school term, they were reassigned. It was in applying those facts to the provisions of Subsection (3) not Subsection (2) that the Court said: "Contracts for teaching schools are entered into subject to the exercise of the power conferred on the county superintendent of schools by Acts 1933, supra. That power, however, may be used only for regulation and in emergencies. Even then, it must be exercised in a reasonable manner. The best interests of the schools must be intended. Arbitrary or capricious use of the power will not be tolerated."

The Legislature of this State by emphatically prohibitive language said in Code 18-4-10 (2), that: "no teacher, * * *, shall be employed except on the nomination of the county superintendent;", and the statute is not in violation of any provision of the Constitution of this State.

The language of this statute being plain and unambiguous, and its meaning clear and definite, effect must be given to it regardless of what this Court may think of its wisdom or policy. Since this relator was not nominated by the respondent for employment as a teacher in the Upshur County schools for the year 1953-1954, the purported "continuing contract" entered into between her and the Board was invalid. Furthermore, the contract being contrary to the prohibitive provisions of a valid statute, it was void *ab initio*, and cannot: become valid on being carried into execution; be purged of its infirmity by means of an estoppel; or be ratified by subsequent acts of the parties to it. The relator has no clear legal right to the relief sought in this proceeding, and the writ will be denied.

*Writ denied.*

GIVEN, JUDGE, concurring:

I concur in the decision of the Court for the reason that the record clearly discloses that the county superintendent, in refusing to nominate petitioner, was not arbitrary or capricious. Had the record clearly and certainly established arbitrary or capricious action on the part of the county superintendent in refusing to nominate petitioner after a clear showing that she had satisfactorily completed her three years probationary teaching, I believe the petition herein should have been treated as praying for a writ requiring the county superintendent to nominate petitioner and a writ moulded accordingly. That, it seems to me, would be the clear legal duty of the county superintendent. I can not believe that the intention of the Legislature was to require three years probationary teaching as a prerequisite to a continuing contract, with all that means to a beginning teacher, and permit the denying of the continuing contract by the county superintendent because of some personal, political, religious or other immaterial or illegal reason.

LOVINS, JUDGE, concurring:

I concur in the denial of the writ of mandamus, but this concurring note is a criticism of the opinion of the court.

It is to be noted that in both points of the syllabus, reference is made to a "teaching contract". Under Chapter 47, Section 1, Acts of the Legislature, 1949, Regular Session, two kinds of contracts are mentioned. A teacher's contract, "* * * shall be for a term of not less than one nor more than three years, and if, after three years of such employment, the teacher and the board of education enter into a new contract of employment, it *shall be a continuing contract* and shall remain in full force and effect except as modified by mutual consent of the school board and the teacher, unless and until terminated with written notice, * * *". [Emphasis supplied]

I think it is inaccurate to confuse the two classes of contracts in the syllabus. That is one reason for this criticism.

Another reason for criticism is that in the first point of the syllabus certain statutes are designated as Chapter 8, Acts of the Legislature, First Extraordinary Session, 1933, as amended by Chapter 34, Acts of the Legislature, Regular Session, 1932, as amended by Chapter 33, Acts of the Legislature, Regular Session, 1941, whereas, in the body of the opinion, the statutes referred to in the syllabus are designated respectively as Code, 18-4-10, Code, 18-5-4 and Code, 18-7-1, as amended. Such references are not consistent with the syllabus nor are they accurate.

There are other Acts of the Legislature which are pertinent to the questions here decided. Chapter 47, Acts of the Legislature, 1949, Regular Session, above referred to, is pertinent; likewise, Chapter 53, Acts of the Legislature, 1939, Regular Session.

Hitherto, it has been the practice and usage by this Court to accurately designate statutes as Acts of the Legislature when such statutes have been enacted after the adoption of the 1931 Code, which is the only official Code of the State of West Virignia. The designation of the Acts in the body of the opinion above noted is, in my opinion, inaccurate and tends to confusion.

The Bench and the Bar of this State are entitled to accurate citations of the authorities cited in an opinion. By such accuracy, chaos and confusion have been avoided. Otherwise, a careless citation of such authorities results in confusion. Hence, this criticism.