## Love v. The City of Atlanta.

The duty of keeping the streets clear of putrid and other substances offensive to the sense of smell and which tend to imperil the public health devolves, under the charter of the City of Atlanta, upon the board of health of that city; and the functions of this department of the city government being governmental and not purely administrative in their character, it follows that if, in the exercise of such functions and in the discharge of the duties devolving

v 95-9

upon this department thereunder, a private citizen is injured by the negligence of one of its servants in and about such work, no right of action arises against the city.

December 4, 1894.

Action for damages. Before Judge VAN EPPS. City court of Atlanta. January term, 1894.

DORSEY, BREWSTER & HOWELL, for plaintiff.

J. A. ANDERSON and FULTON COLVILLE, for defendant.

ATKINSON, Justice.

Love brought against the City of Atlanta an action for damages, alleging, in substance, that while he was passing along the streets of the city, in the exercise of proper care, without fault upon his part, by, through and because of the negligence of a servant of the defendant, an animal attached to one of the garbage carts of the city was permitted to run away, and while so running, collided with the buggy of the plaintiff, causing serious injury; it was also alleged that the driver of the cart was a small negro boy wholly incompetent to the discharge of the duty, and that the mule employed was vicious, dangerous and liable to run away. The evidence proved the plaintiff's cause of action as laid in the declaration; and in reply it was shown that the mule and cart causing the damage were in use by the city under the direction of the health board of the city, and that the servant of the city charged with driving said cart was then employed in cleaning the streets and removing therefrom such putrid and offensive substances as usually accumulate in the streets of densely populated cities, and which were necessary to be removed because, remaining, they endangered the public health. At the conclusion of the evidence, the trial judge directed a verdict for the defendant, instructing the jury that inasmuch as the uncontroverted testimony showed that the injury complained of was inflicted by servants of the city employed by that department of the city

government whose duty it was to look after and preserve the public health, and inasmuch as it appeared that this injury was inflicted by the defendant's servants while engaged in the performance of work essential to the discharge of that particular duty, the city was not liable and they should return a verdict for the defendant.    Exception is taken to this instruction, and we are now to consider whether the court erred.

Distinctions do not appear to have been at all times accurately drawn between the classes of cases in which a municipal corporation would be liable, and those in which it would not be liable for the misfeasance or nonfeasance of a public servant employed under municipal authority in the discharge of duties relating to corporate affairs.    One general proposition, however, seems to have received general recognition at the hands of courts of last resort wherever that class of cases has been considered; and that class of cases is, that where an injury sustained is inflicted because of the misfeasance of an agent of a corporation while engaged in a duty pertinent to the exercise of what are termed governmental functions of a corporation, the city is not liable.    Where injuries under similar circumstances are inflicted by the agent of a corporation acting for it in the discharge of a duty on behalf of a municipal corporation where it is engaged in the exercise of some private franchise, or some franchise conferred upon it by law which it may exercise for the private profit or convenience of the corporation or for the convenience of its citizens alone, in which the general public has no interest, for such injuries a right of recovery lies against the city.    Some difficulty has arisen in the application of these general principles to the facts of particular cases which from time to time have arisen.    Some difficulty has risen in the proper classification of cases in order to assign each to its appropriate position with reference to the liability

or non-liability of a corporation, and the courts have not been altogether happy, nor entirely consistent at all times in this regard. As an illustration of this, it is held that cities are liable for damages resulting from the non-repair or from the dangerous condition of public streets, and this in the absence of strict statutory liability imposed by law. It has been held that they are not liable for damages occasioned by their fire departments for injuries to person or property in going to or from fires. The former case is one that might properly have been originally classified among the cases of non-liability. The duty of keeping its streets in repair is a public duty in which the general public is interested. The State commits to it the discharge of those governmental duties incident to the sovereign power, by which it is required to maintain for the use of the general public and for the public convenience a system of roads throughout the State; and the assignment of this particular duty to municipal corporations within their limits may fairly be said to be a delegation of what appears to us to be one of the functions of government. The latter case, referring to the fire department, is a case of non-liability, and, if not the exercise of a private power for the benefit of the corporation itself and the inhabitants thereof, in which the general public in no way participates, it reaches the verge upon that line. We cite these as simple illustrations of our statement that the courts have not at all times been consistent, but with no purpose either to disturb the precedents established by repeated rulings of respectable courts of last resort in nearly all the States, or to intimate that there is such a doubt as to their soundness as would in any sense justify the adoption of other rules.

With respect to matters concerning the public health, however, there is no serious conflict of reason, opinion or authority upon the correctness of the proposition

that the preservation of the public health is one of the duties that devolves upon the State as a sovereign power. It is such a duty as, upon proper occasion, justifies the exercise of the right of eminent domain and the demolition of structures which endanger or imperil the public health. In the discharge of such duties as pertain to the health department of the State, the State is acting strictly in the discharge of one of the functions of government. If the State delegate to a municipal corporation, either by general law or by particular statute, this power, and impose upon it within its limits the duty of taking such steps and such measures as may be necessary to the preservation of the public health, the municipal corporation likewise, in the discharge of such duty, is in the exercise of a purely governmental function, affecting the welfare not only of the citizens resident within its corporation but of the citizens of the commonwealth generally, all of whom have an interest in the prevention of infectious or contagious diseases at any point within the State, and in the exercise of such powers is entitled to the same immunity against suit as the State itself enjoys. Such a duty would stand upon the same footing as its duty to preserve the public peace, and its liability or non-liability would depend upon the same principle which relieves the city from liability for the misfeasance of a police officer in the discharge of his duty. It will be observed, however, that in order to exempt a city from liability, it is not sufficient to show that the particular work, from the negligent performance of which by the servants of the city a citizen was injured, was being performed under the direction of the health authorities; but it must be shown that the particular work so being done was connected with or had reference to the preservation of the public health. If the health department were engaged in clearing away or removing obstructions from the street which in no

way endangered the public health, the responsibility of the city then would rest upon the rule of liability for work connected with repairing and keeping in order the public highways. It can make no difference in principle as to the character of the agents employed in the discharge of this duty with respect to the public health. The principle of non-liability rests upon the broad ground that in the discharge of its purely governmental functions, a corporate body to which has been delegated a portion of the sovereign power, is not liable for torts committed in the discharge of such duties and in the execution of such powers. It can be no more liable because of the failure to select competent drivers of garbage carts than a city could be held liable for failing to elect a wise, conservative and discreet mayor.

Let us inquire, then, whether the particular service being performed by this particular servant of the corporation had special reference to the preservation of the public health. The accumulation of garbage, of substances offensive to the sense of smell, of substances which, if permitted to remain, would poison the atmosphere and breed diseases infectious and contagious among the inhabitants of the city, may well be said to endanger the public health. The preservation of the public health involves the removal of those causes which are calculated to produce disease. According to the undisputed testimony in this case, the driver of this garbage cart and the alleged refractory mule were engaged actually in the removal from the streets of substances similar to those described above. However incongruous it may appear to be to say that this diminutive darkey and this refractory mule were engaged in the performance of some of the functions of government, it is nevertheless true, and illustrates how even the humblest of its citizens, under the operation of its laws, may become in Georgia an important public functionary.

*Judgment affirmed.*