## KLING v. CITY OF AUSTIN.
### No. 7831.

Court of Civil Appeals of Texas. Austin.

April 26, 1933.

Rehearing Denied July 26, 1933.

Cofer & Cofer, of Austin, for plaintiff in error.

J. B. Rector and A. L. Love, both of Austin, for defendant in error.

McCLENDON, Chief Justice.

This is a damage suit against the city of Austin for injuries to person and property caused by appellant's automobile running onto a "fire plug and hydrant" on Fourteenth street in that city. The appeal is from a judgment in favor of the city upon a verdict, directed, upon the city's motion, at the close of appellant's evidence.

■ The two-year statute of limitations (Rev. St. 1925, art. 5526) is urged, predicated upon the proposition that a trial amendment to the amended petition, upon which the cause was tried (filed more than two years after the cause of action arose), stated a new cause of action not embraced in the original petition. The latter alleged that the "fire plug and hydrant" was on Red River street and "was situated in the center of a driveway and entrance to a certain gasoline station situated on Red River Street, said drive entering said station from the North." The trial amendment alleged· "Said injury and collision occurred at a point just off of and near the intersection of Red River Street and Fourteenth Street, in the City of Austin, Travis County, Texas, being the southeast corner of such intersection upon a driveway twenty feet wide going in to said filling station known as the Lube Station."

The evidence showed that the filling (gasoline) station was located at the corner of Red River and Fourteenth streets; that the driveway entered the filling station from the north; and that the hydrant was located in Fourteenth street a short distance west of its intersection with the west line of Red River street.

There is no merit in the contention that the trial amendment set up a new cause of action. The identity of the cause of action alleged in each pleading is manifest—each relating to the same occurrence, the same fact combination, the same injury. An obvious error was made in stating that the hydrant was located on Red River instead of Fourteenth street. This error, however, was immaterial in so far as concerns the identity of causes of action, regardless of its effect in other respects. We think it unnecessary to discuss or cite authority upon the question.

The appeal presents but two questions regarding the correctness of the directed verdict, which are embraced in the following contentions of the city: (1) That the city in locating the hydrant (a fire department instrumentality) was exercising a governmental function, the improper or negligent performance of which would create no legal

liability against it; (2) that the hydrant was not improperly or negligently located, in that it was not on the portion of the street used as a roadway for vehicular travel, but on that part of the street between the sidewalk and roadway set aside for parkway, shade trees, fire hydrants, etc.

Following, briefly stated, are the facts pertinent to these contentions: Fourteenth street at this point is 60 feet wide between property lines. The central portion, devoted to vehicular traffic, is 30 feet wide, leaving a 15-foot strip on each side devoted to sidewalk, parkway, shade trees, etc. In the south 15-foot strip between the sidewalk and roadway the hydrant was located—a usual location for fire hydrants. Across this strip was a driveway leading from the roadway into the filling station. This driveway was constructed and designed, and constantly used by motor vehicles, for ingress and egress to and from the filling station. The hydrant was located approximately at the center of this driveway. Appellant was driving at night south on Red River street. When he reached the intersection, he turned into the driveway for the purpose of purchasing gasoline for his car, and struck the hydrant, with the resultant injuries for which he sued.

■ The general rule in this state is that furnishing fire protection is a governmental function, in the performance of which a city incurs no tortious legal liability. This rule applies whether the dereliction consists in construction, maintenance, or operation of the instrumentalities employed by the city in this regard. The cases chiefly relied upon by the city are Barnes v. Waco (Tex. Civ. App.) 262 S. W. 1081, and Adkinson v. Port Arthur (Tex. Civ. App.) 293 S. W. 191, in each of which writ of error was refused.

In the former recovery was denied to an invitee upon the premises of the city used exclusively as a fire station, who was injured by falling through an unguarded well hole in the second story floor of the fire station.

In the latter an employee of the fire station was denied recovery for injuries sustained by reason of defective equipment or appliances of a fire drill practice tower.

A recent Massachusetts case applied this rule to injuries resulting from a defective walkway leading from the street to a fire station. "The accident occurred not on a public way but outside the street lines." Abihider v. Springfield, 277 Mass. 125, 177 N. E. 818.

■■ The question here is different from that presented in any of the cited cases. The liability of the city generally for negligent performance or nonperformance of its duty to maintain its public streets in reason-ably safe condition for ordinary use both vehicular and pedestrian is conceded. The precise question here is whether breach of this duty is rendered nonactionable where the unsafe condition is caused by either the improper location of a governmental function instrumentality or the failure to properly guard such instrumentality so as to render it reasonably safe. The city had control over the 15-foot strip. It could locate driveways across it at such places as it deemed proper. It might refuse to construct or allow a driveway at any point where requisites of safety would not admit. An obstruction in such driveway could only find justification where two necessities concurred: That of locating (1) the hydrant, and (2) the driveway at the particular point. In such case the duty to maintain the reasonable safety of the streets would impose the obligation to employ the reasonably available means of guarding against or at least minimizing the otherwise unsafe condition created by the obstruction. This was the holding in McFarland v. McCaysville, 39 Ga. App. 739, 148 S. E. 421, 422, by a Georgia intermediate appellate court, in which we fully concur. There the city was held liable to a pedestrian who came in contact with a fire plug, the proof showing "that on a paved sidewalk about five feet wide and at a point five inches from the street the city maintained a fire plug four inches in diameter and only six inches in height, and that the same was unprotected by any guard or barrier so as to prevent foot passengers from coming in contact therewith."

The decision is predicated upon the holding in Augusta v. Cleveland, 148 Ga. 734, 98 S. E. 345, 347, by the Supreme Court of Georgia. There the city was held liable for negligence of its employees in leaving open and unguarded a hole in the sidewalk leading to a sand trap which was a part of the city's sanitary sewer system. The employees were engaged in cleaning out the sand pit. The court say: "While it is one of the governmental functions and duties of a city to effectively maintain its sewerage system, and while, under the authority of the decision in Love v. Atlanta, supra [95 Ga. 129, 22 S. E. 29, 51 Am. St. Rep. 64], and the cases laying down the same doctrine as there stated, it follows that if, in the exercise of such functions and the discharge of the duties devolving upon the department of the city government having charge of the matters relating to the public health, a private citizen is injured by the negligence of one of the city's servants in and about such work, no right of action arises against the city, nevertheless that doctrine must not be allowed to destroy the other equally well-established doctrine that, if a city negligently and tortiously allows obstructions to re-

691

main in its streets or sidewalks, or negligently fails to repair defects in a sidewalk or street, and a citizen in the exercise of due care is injured in consequence of such act of negligence upon the part of the city, there can be a recovery therefor against the city. Each of these two doctrines must be given effect, and have been given effect."

The city makes the further point embodied in the following quotation from its brief: "We understand that a city can be guilty of a nuisance, and such nuisance may be abated. By proper proceedings, if the city had negligently installed a fire hydrant or fire plug in an improper place where it constituted a menace to any one using the travelled part of the street in an ordinary way and with ordinary caution the city could be forced to remove such hydrant. But, under the authorities above cited, the city clearly would not be liable in damages, for any injuries sustained by reason of the location of such hydrant."

■■ If it be conceded that the location of the hydrant constituted a nuisance, it would necessarily follow that one injured thereby would have an action in damages, which would in no wise be affected by the alternative right, if it existed, to abate the nuisance. Abatement and damages are merely alternative remedies for maintenance of a nuisance, a term which necessarily implies a tort, an actionable wrong. See 46 C. J. pp. 653 and 802. To limit the remedy of members of the public generally to abatement would to all practical intents and purposes be a complete denial of all remedy; since generally, as in the instant case, the original discovery of the nuisance is brought about by the occurrence which produces the injury. Abatement to one so situated would be as effective as the proverbial lock on the stable door provided after the horse is stolen. Redress for an actionable wrong, to be adequate, must be compensatory—not merely preventive.

■ Little elaboration is necessary to apply what we have already said to the city's second contention. The driveway across the 15-foot strip changed the character of that portion of the strip from parkway, etc., to driveway for vehicular travel to and from the filling station; and imposed upon the city, to the extent of such use, the same duty to maintain in a reasonably safe condition as applied to other portions of the public street.

■ The evidence raised the issue of actionable negligence, and the verdict was therefore improperly directed.

The trial court's judgment is reversed, and the cause remanded.

Reversed and remanded.

On Appellee's Motion for Rehearing.

Appellee directs our attention to the fact that the trial amendment alluded to in our original opinion was superseded by a second amended original petition upon which the cause was tried. We have carefully examined this pleading, and find that, although differently worded, it alleges the same cause of action as that in plaintiff's prior pleadings. Recovery is still sought for the same injuries resulting from the same tort growing out of the same occurrence as that contained in the original and subsequent pleadings of plaintiff.

The motion is overruled.

Overruled.