Andrews, Kurth, Campbell & Bradley and Hall E. Timanus, Houston, for petitioner.

Coulter Hoppess, Bryan, for respondent.

PER CURIAM.

The application for writ of error filed pursuant to Acts 1953, 53rd Leg., p. 1026, ch. 424 [Vernon's Ann.Civ.St. arts. 1728, 1821], to review a judgment rendered on a plea of privilege, is dismissed for want of jurisdiction on the ground that no true conflict is shown between the decision of the Court of Civil Appeals and other decisions of Courts of Civil Appeals or of the Supreme Court.

**BURCHETT v. CITY OF STANTON.**

**No. 4951.**

Court of Civil Appeals of Texas. El Paso.

June 10, 1953.

Thomas, Thomas & Jones, Big Spring, for appellant.

R. W. Caton, Stanton, Chas. L. Klapproth, Midland, for appellee.

FRASER, Justice.

Appellant as Plaintiff sued the City of Stanton alleging in substance that he approached an intersection of St. Peters Street and U. S. Highway 80 in the City of Stanton from the South and stopped before entering the intersection because the traffic signal at the intersection was red facing him and that when the traffic signal changed to green facing him, he entered the intersection and while in the intersection was struck by a truck on U. S. Highway 80 proceeding in an easterly direction. He sued for personal injuries and property damages alleging that the City was negligent in the operating of and the maintenance of such traffic signal and in failing to keep same in proper repair. He alleged that while the traffic signal was supposed to be signalling red to the east and west at the time it was signalling green to the north and south that it failed to signal red to the east and west when it signalled green to the south and that failure to keep such traffic signal in proper repair was negligence on the part of the City and a proximate cause of his damages. He further alleged that the failure to keep the traffic signal in proper repair created a nuisance in that it lured him into the intersection in the path of oncoming traffic. Upon special exceptions by the Defendant, the trial court held that Plaintiff's petition stated no cause of action because the operation of such traffic signal was within the City's governmental capacity. The trial court entered an order dismissing Plaintiff's suit from which the Plaintiff has appealed. Viewed in its most favorable light the petition of the plaintiff fails to show that the defendant City had had any notice of the defect in the operation of the traffic light and had neglected to repair same. Such petition merely states that the light was out of order at the time of the collision, and that the City was negligent in failing to keep the signal in repair, and that the plaintiff was lured into the intersection by a green light while crossing traffic was not held up by a red light. It is generally accepted, and conceded here that the maintenance of traffic signals by a city is a governmental function. The petition of plaintiff does not present any allegations, which if true, would be sufficient to deprive the defendant City of its immunity from liability for damages while engaging in a governmental activity or function such as we have in the instant case. Baker v. City of Waco, Tex.Civ.App., 129 S.W.2d 499, and the many cases cited therein.

The decision of the trial court is accordingly affirmed.

McGILL, Justice (concurring).

I concur in the foregoing views and also think that every point made by appellant was presented and decided adversely to him in Presley v. City of Odessa, 263 S.W.2d 293 in which the Supreme Court refused a writ, N. R. E.