35987, 35988.   HALL *v.* HOSPITAL AUTHORITY OF FLOYD
COUNTY (two cases).

DECIDED JANUARY 26, 1956—REHEARING DENIED FEBRUARY 8, 1956.

*Parker, Clary, Kent & Grubbs,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith,* contra.

TOWNSEND, J. The Hospital Authorities Law (Code Ch. 99-15; Ga. L. 1941, p. 241) under which the defendant hospital authority was incorporated was upheld as against attacks on its constitutionality in *DeJarnette* v. *Hospital Authority of Albany,* 195 *Ga.* 189, 200 (23 S. E. 2d 716) wherein the following was held: "The purpose of the constitutional provision (Ga. L. 1941, p. 50) and the statute based thereon (Ga. L. 1941, p. 241) was to authorize counties and municipalities to create an organization which could carry out and make more workable the duty which the State owed to its indigent sick; and therefore we should construe both the constitutional amendment of 1941 and the statute most liberally." In *Love* v. *City of Atlanta,* 95 *Ga.* 129, 133 (22 S. E. 29) it is stated: "The preservation of the public health is one of the duties that devolves upon the State as a sovereign power. . . If the State delegate to a municipal corporation, either by general law or by particular statute, this power, and impose upon it within its limits the duty of taking such steps and such measures as may be necessary to the preservation of the public health, the municipal corporation likewise, in the discharge of such duty, is in the exercise of a purely governmental function." In *Watson* v. *City of Atlanta,* 136 *Ga.* 370 (71 S. E. 664) it was held that the

municipal authorities, in operating a non-profit public hospital, were so acting, the court stating: "The principle of non-liability rests upon the broad ground that in the discharge of its purely governmental functions, a corporate body to which has been delegated a portion of the sovereign power, is not liable for torts committed in the discharge of such duties and in the execution of such powers."

It thus appears that the State has a right to delegate to a public corporation the governmental right and duty which it has to protect and preserve the health of its citizens, in this case the indigent sick and poor of Floyd County, and that when it properly does so the corporation maintaining and operating a hospital under such delegated authority, not for profit, is in the exercise of a governmental function and not subject to suit in a tort action. In considering the purposes for which the hospital is set up and maintained it is necessary to examine its charter, and the charter provisions on the question of the character of the institution are controlling. *Morton* v. *Savannah Hospital,* 148 *Ga.* 438 (2) (96 S. E. 887). The act of 1941 (Ga. L. 1941, p. 241), created for every county and municipal corporation of the State "a public body corporate and politic" (Code § 99-1503); provides that it shall exercise "public and essential governmental functions" (§ 99-1505); that its projects shall not be constructed or operated for profit (§ 99-1506); that its revenue-anticipation certificates shall be exempt from taxation (§ 99-1508); that it may contract with political subdivisions "for the purpose of providing medical care or hospitalization for the indigent sick and poor" (§ 99-1512); that the chapter is necessary for the welfare of the citizens of the State and "shall be liberally construed to effect the purposes hereof" (§ 99-1519). Thus, the statute creating the authority provides that it must be of a public, governmental, charitable, non-profit character. There is no contention that it is operated otherwise than as provided by law, an allegation that plaintiff was a pay patient not negativing the fact that the authority is a non-profit organization. *Watson* v. *City of Atlanta,* supra.

Applying the statutory provisions above set out to the rules of law herein discussed relating to governmental functions, it follows that the defendant hospital authority is performing a governmental function in the course of which it is not liable for the torts

of its servants, agents and employees. This being the case, the remaining grounds of demurrer need not be here considered.

The trial court did not err in dismissing the petitions of the plaintiffs on general demurrer.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*