36220. KNOWLES *v.* HOUSING AUTHORITY OF CITY OF COLUMBUS.

Decided June 20, 1956—Rehearing denied July 12, 1956.

*Charles A. Hughey, Vincent P. McCauley,* for plaintiff in error.
*W. M. Page, Swift, Pease, Davidson & Chapman,* contra.

NICHOLS, J.  In *Hall* v. *Hospital Authority of Floyd County,*
93 *Ga. App.* 319 (91 S. E. 2d 530), it was held that a tort action
could not be maintained against a hospital authority even though
the act creating the public body corporate and politic provided
that it could sue and be sued.  The basis of the decision was that
the functions of the authority were governmental in nature.  The
decision was not based on the wording of the act which stated
that the functions were governmental in nature, but rather on the
fact that the function, to wit: furnishing medical care and hos-
pitalization for the indigent sick and poor, was a governmental
function.  Therefore, if the functions of the housing authority in
the present case are governmental in nature then no action
sounding in tort can be maintained against it although the act of
1937 (Ga. L. 1937, pp. 210 et seq.; Code, Ann., § 99-1115), pro-
vides that housing authorities may sue and be sued.

"The preservation of the public health is a governmental func-
tion." *Barr* v. *City Council of Augusta,* 206 *Ga.* 750 (1) (58 S.
E. 2d 820), citing *Love* v. *City of Atlanta,* 95 *Ga.* 129, 133 (22
S. E. 29, 51 Am. St. R. 64).  The Act of 1937, supra, (Ga. L.
1937, pp. 210, 211; Code, Ann., § 99-1102), declared the need for
housing authorities, stating that there existed in the State, "insani-
tary or unsafe dwelling accommodations and that persons of low
income are forced to reside in such insanitary or unsafe accom-
modations; that within the State there is a shortage of safe or
sanitary dwelling accommodations available at rents which per-
sons of low income can afford and that such persons are forced
to occupy overcrowded and congested dwelling accommodations;
that the aforesaid conditions cause an increase in and spread of
disease and crime and constitute a menace to the health, safety,
morals and welfare of the residents of the State and impair eco-
nomic values; that these conditions necessitate excessive and
disproportionate expenditures of public funds for crime preven-
tion and punishment, public health and safety, fire and accident
protection, and other public services and facilities."  The Act
then went on and authorized the establishment of housing author-
ities in certain areas of the State in an effort to combat these
conditions.  As in *Hall* v. *Hospital Authority of Floyd County,*

93 *Ga. App.* 319 (91 S. E. 2d 530), where the hospital authority was carrying on a governmental function in furnishing medical care to the indigent sick and poor, the housing authority in the present case was carrying on a governmental function concerning the preservation of the public health, because, in removing the insanitary and unsafe areas from the State it is removing at least some of the breeding areas of diseases which of course when once bred, do not confine themselves within the bounds of the insanitary and unsafe areas of the State but continue, or are at least capable of continuing, in epidemic fashion throughout the State. Just as the maintenance of a sewerage-drainage system is a governmental function with reference to the preservation of health (*City Council of Augusta* v. *Cleveland*, 148 *Ga.* 734, 98, S. E. 345), so must be the functions of the defendant housing authority in the present case. Accordingly, the trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. The long line of precedents bearing on the questions involved in this case leaves me no recourse but to concur in the opinion and the judgment.