Mrs. Frances CHUMCHAL, Appellant,

v.

**NATURAL GAS PIPELINE COMPANY OF AMERICA et al., Appellees.**

No. 74.

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 20, 1964.

W. V. Dunnam, Jr., of Dunnam, Dunnam & Dunnam, Waco, Wm. J. Kershner, R. Douglas Cauley, Houston, for appellant.

Robt. M. Davant, Jr., and James T. Wright, of Dyche, Wheat, Thornton & Wright, Houston, W. A. Cline, Jr., Wharton, Wm. H. Deer, of Ross, Hardies & O'Keefe, Chicago, Ill., for appellee.

GREEN, Chief Justice.

This is a suit for damages to land filed by appellant, the landowner, against appellees National Gas Pipe Line Company of America and R. L. Pivonka, superintendent of the company's plant in Wharton County at the time in question. Appellees filed a motion for summary judgment, to which were attached extracts from sworn depositions of Pivonka, Mrs. Frances Chumchal and George Krenek, appellant's lessee when the alleged cause of action occurred. The motion was granted, and appellant appeals.

■■■ Before proceeding further into the facts, we shall dispose of appellant's contention that appellees' motion for summary judgment should not have been considered by the trial court because it was not sworn to. In addition to the portions of the sworn depositions made a part of the motion, the complete sworn depositions of appellant and Pivonka were before the trial court at the hearing, and are made a part of the record. The motion, supported by sworn testimony, need not be verified to meet the requirements of Rule 166–A, Texas Rules of Civil Procedure; Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274; Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508.

Appellees first counterpoint, that the motion was sufficient, is sustained.

Between appellee company's booster plant in Wharton County and the San Bernard River to the north lay three tracts of land. The first, adjoining the plant, was owned by one Polenik. Adjoining Polenik's land was a tract which was the property of George Krenek. Next came the 100 acre tract of appellant. A drainage ditch or draw ran from the plant across these three tracts to the river, with the natural flow being from the plant. Appellee company had been discharging water and waste from a large septic tank into this ditch since 1953. In early April, 1955, Krenek complained to Pivonka that the drainage from the plant had caused the ditch to fill up and become blocked, and asked that the company clean out the ditch on his property. Two or three days thereafter, the company sent a crew with ditch digging machinery onto Krenek's property and did as requested. When the work was completed on Krenek's land, he asked that they proceed on to appellant's land and clean out the draw on the property so that the water and waste material could run off his land through her property to the river. Krenek, appellant's brother, had a five year pasture lease on appellant's tract, which was due to expire December 30, 1955. Krenek told Pivonka that he was in charge of appellant's land and was authorized to speak for her in this matter. Thereupon, without consulting appellant, and without her permission, Pivonka sent the crew and machinery onto appellant's land and proceeded to clean the ditch and do excavation work there. In her petition, appellant sues for actual and exemplary damages allegedly suffered as a result of appellees' alleged wilful trespass on her property.

Appellees, in their brief, present two propositions, either of which, if sustained, is sufficient to support the summary judgment. Their second counterpoint is that appellees entry on appellant's land in April, 1955, was not a trespass because the entry was at the request of the tenant in possession of the land. The third counterpoint is that appellant's cause of action is barred by Article 5526, Vernon's Ann.Tex.St., the two year statute of limitation.

■■■ We do not believe that appellees' second counterpoint is well taken, and we overrule same. Krenek's pasture lease on appellant's land, about to expire December 30, 1955, did not authorize him to act for appellant in requesting appellees to bring the machinery on her property to make the changes there that were made. We find that an issue of fact is presented as to whether a trespass on appellant's land was committed by appellees. However, since the appeal will be disposed of by our action on appellee's third counterpoint, no further discussion of this matter is necessary.

Appellant's original petition was filed May 1, 1957. Pivonka, in his deposition, testified that Krenek's request that he clean out the ditch on his property was made prior to April 8, 1955, and that this work was commenced on April 4th or 5th. He verified this by his weekly report of April 8, 1955, which contained a memorandum that this work was then in progress. He stated that the job on the two properties, Krenek's and appellant's, was a continuous operation and required between a week and ten days. He placed the date of the alleged trespass onto appellant's land as not later than the middle of April, 1955, and according to his sworn testimony, the excavation work, which was the basis of appellant's suit, was definitely finished prior to April 25, 1955.

It thus became necessary, in view of Pivonka's sworn evidence, for appellant to show by opposing evidentiary matter that an issue of fact existed on the question of limitation. Gulf, C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492; Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948; Edgar v. Southwestern Oil & Refining Co., 377 S.W.2d 225, writ ref. n. r. e.; City of San Antonio v. Castillo, Tex.Civ.App., 293 S.W.2d 691, writ ref. n. r. e.; McDonald, Tex.Civ.Prac., Vol. 4, Cumulative Supplement, p. 46, et seq.

For this purpose appellant relies on her affidavit filed in answer to the motion. In this affidavit, appellant stated that on or about May 10, 1955, she received a letter from a Mrs. Kruppa, a tenant who lived on this property, stating that a ditch was being dug on her property and suggesting that she come to investigate. She stated that about three or four days later she and two members of her family went from Houston to the property, and "did in fact inspect the digging operations which were continuing at that time."

However, in her deposition, in testifying about this visit, appellant swore as follows:

"Q. All right. Do you remember the month, day, and year of this Saturday trip?

"THE INTERPRETER: You want in in reference to when that trip—

"Mr. WRIGHT: No. If she recalls the month, day and year.

"A. (By the witness) I don't remember, but my daughter does remember.

"Q. Do you still have the letter—

"A. I have a weak mind—

"THE INTERPRETER: Not a weak mind, bad memory.

"Q. Do you still have the letter that you referred to?

"A. My daughter has some letter. My daughter has some kind of a letter.

"Q. On this Saturday, when you came to your property, what had been done to this ditch?

"A. Well, they had those machines there, and they had plowed it out, and something that they removed dirt with.

"Q. Did you see the machines on the property?

"A. No, I wasn't there.

"THE INTERPRETER: She said, 'Others have said that they were there'.

"Q. Who were the others?

"A. Mrs. Kruppa said. What is the other person? Mrs. Kruppa wrote to me in Houston to come and see, some men had excavated or plowed out a deep ditch. They excavated some of those roses, or kind of rose hedge, or something of that order, and scattered it over the pasture. As they went along, they *puched* it out, and they cut it up, and now it is over all of the pasture.

"Q. Is that something you have seen, or is that something someone told you?

"A. That is Mrs. Kruppa told me that. She was on my place—she was a renter on my place.

"Q. Did Mrs. Kruppa live on your place at that time?

"A. Yes. Five years on rent. She knows everything."

 Rule 166–A provides that the supporting and opposing affidavits shall be made on personal knowledge, and shall set forth facts which would be admissible in evidence, and show affirmatively that affiant is competent to testify to the matters testified therein. Appellant's deposition shows affirmatively that any statement of hers in her affidavit or in her pleadings concerning the date or dates of appellees' alleged trespass on her property is based on hearsay, and cannot be useful to her in raising a fact issue to answer Pivonka's evidence. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317; Heien v. Crabtree, Tex.Civ.App., 364 S.W.2d 271, aff'd Supreme Court, 369 S.W.2d 28; Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396; Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, writ ref. The sworn evidence of Pivonka that the excavations on appellant's land had been completed more than two years prior to the filing of appellant's suit stands uncontradicted by any competent evidence.

Appellant, in her pleadings and brief, asserts that the entry onto and presence on her property by appellees were in all respects unlawful. Where the act complained of is unlawful as to the party suffering injury, limitation runs from the time the act was committed. Houston Water-Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36; Blondeau v. Sommer, Tex.Civ.App., 139 S.W.2d 223, writ ref.; Stillwell v. City of Fort Worth, 140 Tex. 560, 169 S.W.2d 486; Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S.W.2d 336;

37 Tex.Jur.2d, Limitation of Actions, Sec. 67, p. 192 et seq.

The original trespass on appellant's land occurred more than two years prior to the date the suit was filed. Appellees established by sworn proof that the excavation work on appellant's land complained of by her was completed more than two years before suit was brought, and appellant failed to raise an issue of fact as to this by any competent summary judgment "evidence". Under the provisions of Art. 5526, V.A. T.S., appellant's cause of action was barred when her suit was filed.

Appellee's third counterpoint is sustained.

Judgment affirmed.