42168.   BOARD OF EDUCATION OF THE CITY OF WAYCROSS v. BATES.

ARGUED JULY 5, 1966—DECIDED SEPTEMBER 9, 1966—REHEARING DENIED SEPTEMBER 26, 1966—

344

*Wilson G. Pedrick,* for appellant.

*Gibson, McGee & Blount, Lamar Gibson,* for appellee.

FELTON, Chief Judge. Neither a member of a high school football team nor his father can maintain an action based on negligence against the school for an injury received by the student while playing on its football team with the father's express or implied consent. *Hale v. Davies,* 86 Ga. App. 126, 129

(70 SE2d 923); 86 Ga. App. 130 (70 SE2d 926). The present plaintiff, however, bases his action on an alleged contract by the defendant to defray his son's medical expenses incurred during his participation in its school's football game. The contended bases of this alleged contract are (1) the defendant's procuring an accidental injury policy to cover such injuries, (2) its representation to the plaintiff and his son that it had such insurance, which was "adequate to cover *all* medical expense attendant to injuries sustained by any student participating in any football activity under · school supervision" (emphasis supplied), and (3) the making of the arrangements for the medical services by the defendant's agent.

It is not necessary to decide whether the defendant had authority to carry this particular type of insurance, or whether its procurement thereof waived any governmental immunity it might have had to the extent of the face amount of the policy, since the action was not brought to recover on the policy (which is alleged to have excluded the expenses sued for), but rather directly against the defendant on an independent, implied contract. This means, absent any allegation to the contrary in the petition, that a judgment against the defendant school system would have to be paid, not by the insurance policy, but out of the defendant's general funds, which are derived from the municipal corporation's levy of local taxes, as authorized by *Code Ann.* § 32-1111 (Ga. L. 1919, p. 340; Ga. L. 1946, pp. 206, 211) and *Code Ann.* § 2-7001 (Const. of 1945, Art. VIII, Sec. VII, Par. I). Municipal corporations are limited in their expenditures of tax money, for the operation of independent school systems, to "educational purposes." If a public school is not liable for an action based on negligence, it is even more obvious that it would not have authority to pay claims for *accidental* injuries, where no negligence is involved. See in this regard 84 ALR 963; Jarrett v. Goodall, 113 W. Va. 478 (168 SE 763); *Brunson v. Caskie,* 127 Ga. 501, 502 (56 SE 621, 9 LRA (NS) 1002); *Wrightsville Consol. School Dist. v. Selig Co.,* 195 Ga. 408 (24 SE2d 306). Even assuming that the defendant could procure insurance such as it is alleged to have represented, it was without legal authority to contract that it had obtained the policy alleged to have been

represented. Such a contract involves the expression of a legal opinion upon which the plaintiff has no right to rely and which the defendant had no authority to make. Since it is alleged that the plaintiff knew, prior to the injury, of the existence of the policy and that the policy was the means by which the defendant would indemnify him, it was incumbent upon him to ascertain for himself the actual provisions and limitations of the policy, so that he might take whatever appropriate and timely action was thereby indicated as necessary or advisable.

Even if defendant had had the authority to so contract, the petition does not allege the plaintiff's reliance on the representation as the consideration for such contract. In the absence of any allegation that the medical expenses were unnecessary or that the plaintiff would not have incurred them without the supposed insurance coverage, it is immaterial whether the arrangements for the medical treatment were made by the plaintiff personally, or on his behalf by the defendant's team physician, whose job it is alleged to be to make such arrangements.

The petition failed to state a cause of action against the defendant school system; therefore, the court erred in its judgment overruling the defendant's renewed general demurrer to the petition as amended.

*Judgment reversed. Frankum, J., concurs. Pannell, J., concurs in the judgment.*