Charles F. VOIGT, Appellant,

v.

CITY OF CORPUS CHRISTI, Appellee.

No. 332.

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 28, 1967.

Rehearing Denied Oct. 19, 1967.

Wallace P. Woodruff, Corpus Christi, for appellant.

Office of Isaac M. Singer, City Atty., by Walter Chastain, Asst. City Atty., Corpus Christi, for appellee.

## OPINION

GREEN, Chief Justice.

This is an appeal from a summary judgment for the defendant, in which the sole issue is whether the trial court properly applied the doctrine of municipal immunity from tort liability.

Plaintiff sued the City of Corpus Christi for damages for personal injuries allegedly sustained by his wife, and property damage to his car. Aside from allegations as

to parties and damages and the prayer, his First Amended Original Petition, being his trial pleading, reads as follows:

## "II.

"At approximately 8:45 A.M. on May 11, 1965, Plaintiff's wife was proceeding West on Lipan Street, and she was driving a 1960 Plymouth automobile owned by Plaintiff. Plaintiff's minor daughter was also riding in the car at the time of the accident. At the intersection of Lipan and Tancahua, and while she was crossing the intersection, she was struck by a car driven by Mrs. Viola Palmer. Mrs. Palmer's car was proceeding South on Tancahua and hit Plaintiff's car on the right side. After the impact Plaintiff's car was knocked into another car driven by Gilberto Delgado Munoz which had been proceeding down Lipan in an easterly direction. An investigation of the accident by City police officers established that the traffic light was malfunctioning and inoperative. Further, the records indicate that the City Police Department had notice of the malfunctioning light prior to 7:08 A.M., at which time the Police Department advised the Traffic and Street Department of such malfunctioning light.

## "III.

"Notice of Plaintiff's claim was provided to the Defendant pursuant to and substantially in accordance with the provisions of the Charter of the City of Corpus Christi.

## "IV.

"Under the provisions of Article 1175 VATS Defendant had and has exclusive control and power over the streets and highways of said City, and the exclusive power to abate and remove encroachments or obstructions thereon, and to prevent the encumbering thereof in any manner. That notwithstanding this ex-clusive jurisdiction and at a time when the Defendant should have known that the hours from 7:00 A.M. until 9:00 A.M. carry the maximum traffic load, Defendant's employees failed to take action to protect the users of the public streets from said malfunctioning light. No action was taken to place a policeman or other employee to direct traffic; no action was taken to remove or repair the traffic light until some time after subject accident which occurred at approximately 8:45 A.M. Said collision was brought about and caused to occur directly and proximately by the negligence of Defendant in the foregoing acts of commission and omission."

Defendant's motion for summary judgment raised the defense of governmental immunity as a matter of law. Plaintiff's answer denied that its cause of action was based on any negligence of defendant while in pursuance of a governmental function, and in an affidavit sworn to by plaintiff's attorney, stated that "Plaintiff's claim against the City rests upon the negligence of the City in failing to furnish an employee, warning signal or the necessary repairs to the mal-functioning traffic light located at the above intersection. Plaintiff's cause of action lies in such inaction and the delay in repairing said mal-functioning light and not in the fact of the light mal-functioning itself."

The trial court held that plaintiff's case as alleged was based solely upon a governmental function of the city as a matter of law, and entered the summary judgment for defendant. Plaintiff has duly appealed from such judgment. We affirm.

Appellant's only point of error reads:

"The Trial Court was in error in holding that Appellants' claim was based solely upon a governmental function of the City of Corpus Christi, Texas, and, thus, nonactionable."

When performing a strictly governmental function, a municipality is not

liable in damages for the torts of its employees, agents, or officials. City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753, 81 A.L.R.2d 1180; Luvaul v. City of Eagle Pass, Tex.Civ.App., 408 S.W.2d 149, wr. ref. n. r. e., and authorities cited. The regulation and control of traffic, including the use of traffic control lights, in and by a city is a governmental function as a reasonable exercise of police power. City of Austin v. Daniels, supra; City of Abilene v. Woodlock, Tex.Civ.App., 282 S.W.2d 736, wr. ref.; Parson v. Texas City, Tex.Civ.App., 259 S.W.2d 333, wr. ref.; Baker v. City of Waco, Tex.Civ.App., 129 S.W.2d 499, n. w. h.; Presley v. City of Odessa, Tex.Civ.App., 263 S.W.2d 293, writ ref. n. r. e.*; Burchett v. City of Stanton, Tex.Civ.App., 262 S.W.2d 952, n. w. h.

On the other hand, the maintenance of streets is a proprietary function. A city is under a duty to maintain its streets in a reasonably safe condition, and negligence in the performance of this function renders the city liable for resulting injuries, even though the unsafe condition is caused by the improper location of a governmental function instrumentality or the failure to properly guard such instrumentality so as to render it reasonably safe. City of Austin v. Schmedes, 156 Tex. 416, 279 S.W.2d 326, 52 A.L.R.2d 680; Crow v. City of San Antonio, 157 Tex. 250, 301 S.W.2d 628; City of Austin v. Daniels, supra; Kling v. City of Austin, Tex.Civ. App., 62 S.W.2d 689, n. w. h., cited with approval in Daniels and in Crow.

Plaintiff, in order to have plead a valid cause of action against city, was required to allege facts showing that the collision was caused by a breach by city of a proprietary function, in this instance, the function of properly maintaining the streets at this intersection in a reasonably safe condition. Such proprietary function would not include the duty of maintaining a system of traffic lights at the intersection, or directing traffic through it, since the regulation of traffic lights and of traffic is a governmental function. Authorities cited above, In Schmedes, Crow, Daniels and Kling, supra, all of which except Schmedes are cited and relied upon in his brief by plaintiff, the defendant cities were held liable by reason of unwarned of obstructions, such as incomplete improvements, a rope stretched across the street, fresh wet slippery paint to mark parking places, or a fire plug in a service station driveway, being placed in the street. In each instance, it was held that the city had violated the proprietary function of maintaining the street in a reasonably safe condition because of such dangerous, unsafe obstructions, following the rule of law as stated in Parson v. Texas City, supra, and by the Supreme Court in a quotation from Parson in Crow v. City of San Antonio, supra, as follows:

"When a city, in the exercise of its governmental function of controlling traffic, uses means that constitute a dangerous physical obstruction of the street, it commits an affirmative wrong for which recovery will be allowed." Authorities cited.

In the present case, there were no allegations in plaintiff's petition of the use by city of any means constituting a dangerous physical obstruction of the streets at the intersection where the accident happened. The only allegations in plaintiff's petition of city's negligence concerned the conduct of city in connection with the governmental function of regulation and control of traffic because city failed to take action to protect the users of the street from the malfunctioning light in that it failed to

---

* Although the writ of error table does not reflect any action on an application for writ of error in Presley, the Shepard's Texas Citations, Supplement 1949–1963, on page 568 shows writ ref. n. r. e. This is confirmed by Justice McGill's concurring opinion in Burchett v. City of Stanton, Tex.Civ.App., 262 S.W.2d 952, 953.

place a policeman or other employee to direct traffic and it failed to remove or repair the traffic light before the accident happened.

Plaintiff in his brief made reference to his car entering the intersection on a green light, and that investigation showed that the lights were "hung" on the green signals. In Parson v. Texas City, supra, writ ref., the lights had been "hung" on green for several days, of which city had notice, but the city was held not liable for an accident caused thereby.

However, the statements of plaintiff in his brief concerning these lights being "hung" on the green signal, or a dangerous condition in the street being caused thereby is not warranted by the record. There is *no pleading* to that effect. The only reference in the transcript to a green light is contained in plaintiff's attorney's affidavit where he states that the light was green when plaintiff's wife entered the intersection. Such statement even though under oath can not be considered by us for any purpose, since it is clear from the affidavit that it is made from hearsay and is of no probative value. Crain v. Davis, Tex., 417 S.W.2d 53; Box v. Bates, 162 Tex. 184, 346 S.W.2d 317; Chumchal v. Natural Gas Pipeline Company of America, Tex.Civ. App., 381 S.W.2d 690.

Defendant city's motion having been directed to plaintiff's pleadings is closely analogous to a special exception challenging the sufficiency of plaintiff's pleadings as a matter of law. Assuming the truth of all material facts alleged, we hold that no cause of action was stated by plaintiff when confronted with defendant's plea of governmental immunity; and even though due proof should be made of the pleaded facts, the court would be required to give an instructed verdict for defendant; hence, the summary judgment was properly rendered. 30 Tex.Law Review, 285, 297; Schroeder v. Texas & Pacific Ry. Co., Tex.Civ.App., 243 S.W.2d

261, cited with approval in Heien v. Crabtree, Tex., 369 S.W.2d 28, 31, and in dissenting opinion of Chief Justice Calvert in Southwestern Fire & Casualty Company v. Larue, Tex., 367 S.W.2d 162, 164, 165.

Judgment affirmed.