**Franzel Keyser GLOVER, Appellant,**

v.

**The CITY OF SOUTH HOUSTON, Texas, Appellee.**

**No. 71.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 7, 1968.

Rehearing Denied Feb. 28, 1968.

**724**

South Houston for injuries she sustained in an automobile accident occurring at a roadway intersection in that city. At the intersection where this collision occurred, the city had located and installed a traffic control light overhead. Plaintiff alleged that at the time of the collision the traffic control light showed a green light to the appellant and no light to a car approaching on a cross street. As a result, both cars entered the intersection at about the same time and collided, injuring appellant.

Appellant alleged that the traffic light controlling the intersection where Mrs. Glover was injured was defective, that the City knew of the defect, that the City was negligent in failing to maintain, inspect, or repair the light, or alternatively, that the City was negligent in failing to warn appellant of the defect of which the City was aware.

The City answered with a plea in abatement praying for dismissal because the plaintiff's petition stated no cause of action in that the sole basis for the suit were certain acts of negligence, all of which were concerned with defendant's duty arising out of the installation and maintenance of a traffic light in the City of South Houston. Further, that the installation and maintenance of traffic lights by the City was solely a governmental function by reason of which the defendant had immunity and by which plaintiff is barred from any recovery or judgment against the defendant. The trial court sustained the plea in abatement and judgment was entered dismissing plaintiff's suit, from which order appeal was duly made.

Appellant's points of error are that the trial court erred in sustaining the appellee's plea in abatement, in holding that the function of keeping an overhead traffic control light in operating condition was a governmental function and in entering judgment that appellant's suit be dismissed.

David J. Nagle, Houston, for appellant.

Charles B. Spicer, Jr., Pasadena, for appellee.

**SAM D. JOHNSON, Justice.**

The appellant, Frenzel Keyser Glover, brought this action against the City of

It is well established that the maintenance of streets is a proprietary

function. Negligence on the part of the City in the performance of this duty to maintain its streets in a reasonably safe condition renders the City liable for resulting injuries. This is true even though "the unsafe condition is caused by the improper location of a governmental function instrumentality or the failure to properly guard such instrumentality so as to render it reasonably safe." Voigt v. City of Corpus Christi, 419 S.W.2d 445 (Tex.Civ. App.); City of Austin v. Schmedes et al., 154 Tex. 416, 279 S.W.2d 326, 52 A.L.R.2d 680; Crow v. City of San Antonio, 157 Tex. 250, 301 S.W.2d 628; City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753, 81 A.L.R.2d 1180; and Kling v. City of Austin, 62 S.W.2d 689 (Tex.Civ.App.), n. w. h.

It is equally established that a municipality is not liable in damages for the torts of its employees, agents or officials when performing a governmental function. City of Austin v. Daniels, supra, Luvaul v. City of Eagle Pass, Tex.Civ.App., 408 S.W.2d 149, writ ref., n. r. e. The regulation and control of traffic as well as the use of traffic control lights therefore falls in the category of a governmental function of the city. Voigt v. City of Corpus Christi, supra; citing numerous cases.

We believe that the issue presented here has been effectively determined by the recent case of Voigt v. City of Corpus Christi, supra. There a summary judgment had been given the City in a case where the plaintiff had received injuries as a result of an automobile accident caused by a similar malfunctioning or inoperative city traffic control light. Plaintiff's petition contained no allegations of the use by the city of any means constituting a dangerous physical obstruction of the streets at the intersection where the accident happened. "The only allegations in plaintiff's petition of the City's negligence concerned the conduct of city in connection with the governmental function of regulation and control of traffic because the city failed to take action to

protect the users of the street from the malfunctioning light in that it failed to place a policeman or other employee to direct traffic and it failed to remove or repair the traffic light before the accident happened." Under these circumstances, the Corpus Christi Court said, "Assuming the truth of all material facts alleged, we hold that no cause of action was stated by plaintiff when confronted with defendant's plea of governmental immunity; and even though due proof should be made of the pleaded facts, the court would be required to give an instructed verdict for defendant; hence, the summary judgment was properly rendered."

This same reasoning is applicable to the similar fact situation presented by the case at bar. We accordingly affirm the judgment of the trial court.