64089. MEDICAL CENTER HOSPITAL AUTHORITY v. ANDREWS et al.

DEEN, Presiding Judge.

Robert and Sandra Andrews brought suit against the Medical Center Hospital Authority, a/k/a The Medical Center of Columbus, alleging that their infant daughter received a burn on her leg which was caused by a defective incubator supplied by the hospital. The trial court denied the defendant's motion for summary judgment and this court granted an interlocutory appeal.

1. The Hospital Authority claims that it is immune from liability under the doctrine of sovereign immunity.

Hospital authorities are governed by Code Chapter 88-18. In *Hall v. Hospital Authority,* 93 Ga. App. 319 (91 SE2d 530) (1956), this court held that a hospital authority created under Code Chapter 99-15 (Ga. L. 1941; p. 241) (the forerunner of present Chapter 88-18) could not be sued for negligence. In *Knowles v. Housing Authority,* 212 Ga. 729 (95 SE2d 659) (1956), the Supreme Court held that under

the "sue or be sued" clause of the housing authorities law of 1937 (Ga. L. 1937, p. 210) an action for damages could be maintained against a housing authority for negligently inflicting injury upon a tenant. This ruling was followed in *Hospital Authority v. Shubert,* 96 Ga. App. 222 (99 SE2d 708) (1957), where this court held that a hospital authority created under Chapter 99-15 is subject to damage suits arising from negligent injury to its patients as Code Ann. § 99-1505 (Ga. L. 1941, § 5, p. 241) gave it the unqualified right "to sue and be sued." The court further held that *Hall* must yield to the Supreme Court's holding in *Knowles.* In *Hipp v. Hospital Authority,* 104 Ga. App. 174 (121 SE2d 273) (1961), the court was once again asked to consider the question of sovereign immunity for a hospital authority and held that the issue was considered to be settled as a hospital authority is subject to suit the same as any private corporation.

In 1964, Code Chapter 99-15 was repealed and Chapter 88-18 was enacted to replace it. (Ga. L. 1964, p. 598.) The right "to sue and be sued" was retained in § 88-1805 which enumerates the functions and powers of hospital authorities: "Every hospital Authority shall be deemed to exercise public and essential governmental functions and shall have all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this Chapter, including, but without limiting the generality of the foregoing, the following powers: (a) To sue and be sued."

The issue of sovereign immunity does not appear to have been raised since Code Chapter 88-18 went into effect. However, in *Richmond County Hosp. Authority v. McLain,* 112 Ga. App. 209 (144 SE2d 565) (1965) (decided under the previous code section), it was determined that a hospital authority is not a political subdivision of the state. This view was carried forward in *Fulton-DeKalb Hosp. Authority v. Gaither,* 241 Ga. 572 (247 SE2d 89) (1978), where it was held that hospital authorities created under Chapter 88-18 were local, not state, instrumentalities. See also *Cox Enterprises v. Carroll City/County Hosp. Authority,* 247 Ga. 39 (273 SE2d 841) (1981) and *Griffin-Spalding Hosp. Authority v. Radio Station WKEU,* 240 Ga. 444 (241 SE2d 196) (1978), which held public authorities generally have the power to sue and be sued and that this power was specifically granted to the hospital authority under Code § 88-1805 (a).

The question therefore remains whether *National Distributing Co. v. Dept. of Transp.,* 248 Ga. 451 (283 SE2d 470) (1981), changes the long-standing rule denying sovereign immunity to hospital authorities. In that case the court found that Code Ann. § 95A-304 (a) which provides: "The department shall have the authority to bring suits, and it may be sued in such actions as are permitted by law ..." did not constitute a waiver of sovereign immunity as an implied

waiver of sovereign immunity is not permitted. An express waiver is always required. The court reexamined its holding in *Busbee v. Ga. Conference, Am. Assn. of Univ. Professors,* 235 Ga. 752, 754 (221 SE2d 437) (1975) and found that language which stated that the Trustees of the University of Georgia were "a person in law, capable to plead and be impleaded," was historic language authorizing a body to "sue and be sued" and constituted an express waiver of sovereign immunity. *Knowles* was cited as authority for holding that "sue or be sued" constituted an express waiver of sovereign immunity. In *McCafferty v. Medical College of Ga.,* 249 Ga. 62 (287 SE2d 171) (1982), the court again relied on *Busbee* and *Knowles* in finding that the Board of Regents was not protected by sovereign immunity as it had retained the power "to sue and be sued."

Accordingly, we find that this court's decisions in *Shubert* and *Hipp* are still the controlling decisions on the issue of whether the hospital authority enjoys sovereign immunity and that issue must be decided adversely to appellant. This court's holding in *Washington v. City of Columbus,* 136 Ga. App. 682 (222 SE2d 583) (1975), is distinguished because the hospital in that case was not operating under Chapter 88-18, but was operated by the municipality as a non-profit public hospital.

2. The medical center's claim that it is entitled to charitable immunity from suit is also without merit. In *Mack v. Big Bethel A. M. E. Church,* 125 Ga. App. 713, 714 (188 SE2d 915) (1972), the court analogized the issue to cases involving suits against charitable hospitals and held that ". . . defendant is liable to the extent of such noncharitable assets. In the hospital cases it is held that a paying patient can recover from the hospital for the negligence of its servants to the extent of income derived from noncharitable sources, which in those cases consists of income derived from noncharitable pay patients. [Cits.]" The extent of the hospital's liability would therefore be an issue for jury determination.

3. Appellant also contends that the property used and owned by the authority is "public property" and is therefore not subject to judicial process of any kind. This enumeration is controlled by our holding in Division 2 and constitutes a jury issue to determine the noncharitable assets that may be levied upon if the plaintiffs receive a judgment.

4. Appellant's final enumeration contending that a hospital authority is an instrumentality of the State of Georgia or the City of Columbus and is immune from suit is without merit. Regardless of how this authority is classified, sovereign immunity has been expressly waived in Code Ann. § 88-1805 (a). See Division 1 above.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 9, 1982 —
REHEARING DENIED JUNE 23, 1982 —

L. Martelle Layfield, Jr., Jerry A. Buchanan, Albert W. Stubbs, for appellant.

B. Seth Harp, Jr., Arthur L. Smith III, for appellees.

H. Boyce Connell, Jr., Randall L. Hughes, Scott R. Owens, Jack S. Schroder, Jr., amici curiae.