## 65321. JOHNSON v. CHATHAM COUNTY et al.

CARLEY, Judge.

In October of 1975, appellant purchased a tract of land in Chatham County. Thereafter, appellant built a home on the property. Prior to his purchase of the property, appellant allegedly had checked the zoning map of the appellee-Savannah Metropolitan Planning Commission (Commission) and ascertained that the property he planned to purchase, as well as the land adjacent thereto, was shown as being zoned residential. In August of 1980, appellant observed construction on the adjacent property. Upon investigation, he discovered that although the Commission's zoning map still

indicated that the adjacent land was zoned residential, that property had actually been zoned industrial in 1974, prior to appellant's purchase. This rezoning was indicated in the official minutes of the Chatham County Commission. Appellant then brought the instant suit, alleging that the maintaining of incorrect maps was an act of negligence on the part of appellees, and that appellees had caused a "taking" of his property so as to entitle him to damages on a theory of "inverse condemnation." The trial court granted summary judgment to appellees and appellant appeals.

1. Appellant first contends that the trial court erred in holding that appellant may not recover as to appellee-Chatham County in negligence.

"A county is not liable in suit for any cause of action unless made so by statute." OCGA § 36-1-4 (Code Ann. § 23-1502). " 'Counties, as corporations . . . are mere subdivisions of the State . . . The State is never suable except by express enactment, and this is also true of subdivisions of the State . . .' " *Arnold v. Walton,* 205 Ga. 606, 609 (54 SE2d 424) (1949). The legislature has not provided for suits in negligence against a county, nor is there any other authority for such. Therefore, appellee-Chatham County was properly granted summary judgment as to the negligence claim.

2. Appellant contends that appellee-Commission is not a political subdivision of the State of Georgia and therefore is subject to a suit in negligence. The Commission was created by the Georgia General Assembly ". . . to establish a metropolitan planning district for Chatham County; to provide a planning commission for said district; to provide for the making and amending of an overall plan for the orderly growth and development of said district . . ." Ga. Laws 1955, p. 2535. Six of the members of the Commission are appointed by the Board of Commissioners of Chatham County and the remaining six are appointed by the mayor and aldermen of the City of Savannah. Chatham County and the City of Savannah provide the Commission with all funds and must approve the Commission's budget. The Commission's acts and plans are advisory only and have no binding effect on the county or city.

It is clear from the above that the suit against the Commission is "in effect" a suit against a political subdivision. See generally *Arnold v. Walton,* supra. An action against the Commission would be the same as an action against the City of Savannah or Chatham County, as any judgment or decree would affect those governmental entities, and any judgment would be satisfied from their assets. See generally *Roberts v. Barwick,* 187 Ga. 691 (2) (1 SE2d 713) (1939); *Crowder v. Dept. of State Parks,* 228 Ga. 436 (2) (185 SE2d 908) (1971); *Bd. of Education of the City of Waycross v. Bates,* 114 Ga. App. 343, 345

(151 SE2d 524) (1966); *Sheley v. Bd. of Public Ed. &c. Chatham,* 132 Ga. App. 314 (4) (208 SE2d 126) (1974).

Appellant's reliance on *Medical Center Hosp. Auth. v. Andrews,* 162 Ga. App. 687 (292 SE2d 197) (1982) is misplaced. That case held that the hospital authority was liable to suit pursuant to OCGA § 31-7-75(1) (Code Ann. § 88-1805). The Commission is neither governed by that statute nor is it a public authority which "generally [has] the power to sue and be sued." *Medical Center Hosp. Auth. v. Andrews,* supra, at 688. It follows, therefore, that the Commission must also be afforded immunity from appellant's claim in negligence and that the trial court properly granted the Commission's motion for summary judgment as to that claim.

3. Appellant further asserts that the trial court erred in granting summary judgment as to his "inverse condemnation" claim. Appellant contends that the act of appellees in maintaining inaccurate maps was a nuisance and the direct and proximate cause of a taking or damaging of his private property for public purposes without compensation.

Although, as discussed above, a county is not liable to suit for any cause of action unless made so by statute, the courts of this state ". . . have recognized in a number of cases that where a county causes a nuisance to exist which amounts to a taking of property of one of its citizens for public purposes, the county is liable. [Cits.] *However, when the nuisance does not amount to a taking for public purposes the county is not liable.* [Cits.]" (Emphasis supplied.) *Miree v. U. S.,* 242 Ga. 126 (2) (249 SE2d 573) (1978). In the instant case, appellant alleges that his property was damaged by a decrease in its value and that such damage was in fact caused for public purposes in that the maps were kept by the county for public purposes. However, in the present case, the county retains no interest in or control over the manufacturing facility which is adjacent to appellant's property. It is that facility which is in actuality the underlying premise of appellant's claim that a decrease in value of his property has occurred. That facility is privately owned and is not being operated on behalf of the public. Appellees did not in any way cause a taking of appellant's property for public use. See generally *Johnson v. City of Atlanta,* 117 Ga. App. 586 (161 SE2d 399) (1968); *City of Atlanta v. Donald,* 221 Ga. 135 (3) (143 SE2d 737) (1965).

The trial court properly granted summary judgment to appellees.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 16, 1983 — REHEARING DENIED JULY 5, 1983 —

*Owen J. Mullininx,* for appellant.
*James M. Thompson,* for appellees.